**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Bankruptcy Number 14-B-43040 |
| RICHARD S. ZACHARY, | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| ASHMAN & STEIN | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary Number 15-A-00132 |
| | ) | |
| RICHARD S. ZACHARY | ) | Judge Jack B. Schmetterer |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES the Plaintiff, ASHMAN & STEIN, and in response to Defendant RICHARD

S. ZACHARY'S  Motion to Dismiss, states as follows:

**INTRODUCTION**

Ashman & Stein filed a three (3) count Amended Adversary Complaint ("Complaint")

against Defendant Richard S. Zachary ("Zachary"). The Complaint alleges violations of 11 U.S.C.

§523(a)(2)(A), False Pretenses, False Representations and/or Actual Fraud (Count I); of 11 U.S.C.

§523(a)(4), Fraud in a Fiduciary Capacity, Embezzlement, Larceny (Count II); and of 11 U.S.C.

§523(a)(6), Willful and Malicious Injury to Another Entity or to the Property of Another Entity.

As set forth in Ashman & Stein's Complaint, Zachary became employed as an associate

attorney with Ashman & Stein on or about January 27, 2005 (Docket # 29, Complaint ¶ 7);  Zachary

and Ashman & Stein agreed to an employment arrangement where Zachary would be paid a salary

and Ashman & Stein would be entitled to two thirds (2/3) of fees collected on cases brought into the

firm by Zachary.  (Complaint ¶ 8).

Prior to commencing his employment with Ashman & Stein, Zachary was representing the plaintiff in a personal injury case known as *Liane Kyles, individually and as Special Administrator of the Estate of Emmanuel Williams, deceased, and Taurus Kyles, individually v. Maryville Academy, an Illinois not-for-profit corporation* (Circuit Court of Cook County, No. 01 L 2497), in which summary judgment had already been entered in favor of the defendant.  (herein the "*Kyles Case*") (Complaint ¶ 9).

After Zachary became employed by Ashman & Stein, the plaintiff in the *Kyles Case* retained Ashman & Stein pursuant to an executed written contingency fee agreement under which Ashman & Stein was to receive 40% of any and all monies recovered in the litigation (the "Retainer Agreement") (Complaint ¶ 10).  Ashman & Stein's partners thereafter devoted substantial work, financial resources, time and effort to the vacate summary judgment entered in, and to reinstate, the *Kyles Case*, so the matter could be resolved on the merits. (Complaint ¶¶ 11-12).

Ashman & Stein was successful in its efforts to vacate the summary judgment in the *Kyles Case,* after which Zachary voluntarily terminated his employment with Ashman & Stein and took, retained, concealed and/or destroyed the Retainer Agreement in an attempt to prevent Ashman & Stein from obtaining any recovery therein. (Complaint ¶ 14).

The *Kyles Case* was subsequently settled for approximately $850,000.00, with Zachary receiving attorney's fees in the amount of $342,000.00. (Complaint ¶ 15).  Ashman & Stein is, and was, entitled to receive $226,666.00 pursuant to the Retainer Agreement, however, Zachary failed to tender any amount to Ashman & Stein for the work performed by Ashman & Stein on the *Kyles Case*. (Complaint ¶¶ 16, 17).

**ARGUMENT**

"On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the compliant, drawing all reasonable inferences in plaintiff's favor." *New Freedom Mortgage Corp. v. C & R Mortgage Corp.,* 2004 WL 783206. *4 (N.D. Ill.) citing *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).  "No claim will be dismissed unless it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.,* citing *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007), Rule 9(b) of the Federal Rules of Civil Procedure states in pertinent part:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

Nevertheless, "it is not necessary that a plaintiff plead each fraudulent detail, so long as the circumstances constituting fraud have adequately been set forth." *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir.1992), cited in *In re Barr*, 207 B.R. 168, 172 -173 (Bkrtcy.N.D.Ill., 1997).  "When alleging fraud in a complaint, it is only necessary to set forth a basic outline of fraud." *In re Barr*, supra at 173.

In order to properly plead fraud, a complaint must include "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc*., 536 F.3d 663, 668 (C.A.7 2008)

I.        **Ashman & Stein has Properly Plead its Claims Pursuant to 11 U.S.C. §523(a)(2)(A)**

A complaint brought pursuant to 523(a)(2)(A) must plead that "(1) the debtor made a false representation of fact, a representation (2) which the debtor (a) either knew was false or made with reckless disregard for its truth and (b) made with an intent to deceive, (3) upon which the creditor justifiably relied." *In re Jacobs*, 448 B.R. 453, 471 (Bkrtcy.N.D.Ill., 2011).

It is undisputed that Ashman & Stein has plead that Zachary made false representations of fact, including Zachary's representation that Ashman & Stein would receive two thirds of any fee recovery obtained in the *Kyles Case*. (Complaint ¶¶ 22, 23).  Accordingly, Ashman & Stein has complied with the first prong of pleading required under *In re Jacobs*, supra.

It is also undisputed that Ashman & Stein has plead that Zachary knew at the time his false representations were made to Ashman & Stein that they were false. (Complaint ¶ 25). At the time Zachary's false representations were made, Zachary did not intend to share the proceeds of any fee recovered in the *Kyles Case* with Ashman & Stein and, instead, took affirmative steps to actually deprive Ashman & Stein of the proceeds recovered in the *Kyles Case*. (Complaint ¶ 24).  Finally, Ashman & Stein has plead that Ashman & Stein relied upon Zachary's false statements. (Complaint ¶ 27).

Ashman & Stein has, therefore, satisfied the requirements for pleading its claims as set forth in *In re Jacobs*, supra.

A.        **The Date that Zachary Left Ashman & Stein's Employ is Not Relevant**

Zachary argues that Ashman & Stein's Complaint is deficient because Ashman & Stein "fails to disclose the date when Zachary left the firm"; and that Ashman & Stein does not disclose "whether or to what extent Zachary was involved in the case prior thereto, or whether plaintiff's were

already represented by counsel..." Motion, Pp. 8-9.  Zachary also argues that Ashman & Stein must

"disclose who was responsible for settling the *Kyles* case."  Motion, p. 9.  These arguments are

proffered solely to obfuscate the issues before this Court.

The extent of Zachary's involvement in the *Kyles Case* after he left Ashman & Stein's

employ is not relevant to any of the factual or legal issues before this Court.  The fraudulent conduct

committed by Zachary at issue here occurred while he was still an employee of Ashman & Stein.

Specifically, Ashman & Stein alleges that (i) Zachary agreed that Ashman & Stein would be entitled

to two-thirds of fees brought into the firm by Zachary (Complaint, ¶ 8); (ii) Zachary brought the

*Kyles Case* to Ashman & Stein and had full knowledge that Ashman & Stein was retained as counsel

in the *Kyles Case* pursuant to the Retainer Agreement (Complaint ¶ 10); and (iii) prior to voluntarily

terminating his employment with Ashman & Stein, Zachary took, retained, concealed and/or

destroyed the Retainer Agreement in a deliberate attempt to prevent Ashman & Stein from obtaining

any recovery in the *Kyles Case*. (Complaint ¶ 14).

It is Zachary's fraudulent conduct and his intentional and deliberate actions to deprive

Ashman & Stein of its rightful share of the recovery in the *Kyles Case* while Zachary was an

employee of Ashman & Stein that is at issue here; not Zachary's conduct after he left the

employment of Ashman & Stein.

> **B.     Ashman & Stein Properly Pleads a Debt Owed to it by Zachary and that
> Zachary used Fraudulent Means to Avoid Paying the Debt**

Zachary argues that Ashman & Stein has not sufficiently plead that Zachary owes it a debt

"resulting from" a false misrepresentation.  Motion, p. 11; that "Ashman & Stein has failed to allege

that the debt was obtained to any extent by fraud on Zachary's part" Motion, p. 12;  that Ashman

& Stein must allege that "such fees were obtained by defrauding the Kyles plaintiffs"; and that

Ashman & Stein must plead and show that Zachary's fraudulent actions had a "causal connection to the settlement" in the *Kyles Case*. Motion, pp.10, 11.

However, Ashman & Stein's claims herein are not premised upon how the underlying settlement in the *Kyles Case* occurred but rather upon Zachary's wrongful acts in inducing Ashman & Stein's efforts to reinstate a case that Zachary had already lost and, then, when Ashman & Stein's efforts were successful, diverting the proceeds of the settlement of that case from Ashman & Stein to Zachary's own use and benefit.

It is undisputed that the Complaint herein alleges that (i) Zachary agreed to an employment arrangement whereby Ashman & Stein would be entitled to two thirds of any fees collected in cases brought to the firm by Zachary (Complaint ¶ 8); (ii) Ashman & Stein was actually retained as counsel by the plaintiff in the *Kyles Case* pursuant to the Retainer Agreement (Complaint ¶ 10); and (iii) Zachary subsequently voluntarily terminated his employment with Ashman & Stein after taking, retaining, concealing and/or destroying the Retainer Agreement in a deliberate attempt to prevent Ashman & Stein from obtaining any share of the recovery in the *Kyles Case*. (Complaint ¶ 14).

For Count I of its Complaint Ashman & Stein pleads that:

> 22.    Zachary represented to Ashman & Stein that Ashman & Stein would be entitled to two thirds of any fee recovery obtained in the *Kyles Case*. (Complaint ¶ 22)
>
> 23.    At all pertinent times, Zachary represented to Ashman & Stein that the proceeds of any recovery in the *Kyles Case* would be shared with Ashman & Stein as aforesaid and perpetuated this representation by billing time spent on the *Kyles Case* during the course of his regular employment duties with Ashman & Stein and also making written requests for payment of expenses relative to the *Kyles Case*. (Complaint ¶ 23)
>
> 28.    Ashman & Stein is informed and believes, and based thereon alleges, that during the course of Zachary's employment as an associate of Ashman & Stein, Zachary took deliberate steps to divert any recovery in the *Kyles*

*Case* to his own personal use and benefit and deprive Ashman & Stein of its rights to a recovery in the same.  (<u>Complaint</u> ¶ 28); and

29.     Ashman & Stein had an absolute and unconditional right to at least two thirds of the property and money which Zachary wrongfully diverted and/or recovered in the *Kyles Case*. (<u>Complaint</u> ¶ 29)

Ashman & Stein has set forth in detail what wrongful actions and false representations Zachary undertook and/or made in his efforts to deprive Ashman & Stein of its right to a share of the proceeds of the settlement in the *Kyles Case.* By falsely representing that he would share the proceeds of any recovery in the *Kyles Case* with Ashman & Stein, Zachary was able to secure the time and efforts of the partners of Ashman & Stein to resurrect the *Kyles Case*; and,  after the *Kyles Case* had been reinstated and placed in a settlement posture by Ashman & Stein, Zachary then left the employment of Ashman & Stein and both settled the *Kyles Case* and deliberately failed to pay to Ashman & Stein the money owed to Ashman & Stein pursuant to the agreement between Zachary and Ashman & Stein.  Zachary never intended to share any portion of the recovery in the *Kyles Case* with Ashman & Stein.  Zachary simply needed the skills possessed by Ashman & Stein's partners to undo the dismissal Zachary had already caused to occur in the *Kyles Case*.

Ashman & Stein has clearly plead exactly how Zachary utilized false pretenses to obtain funds owed to Ashman & Stein and, therefore, Zachary's Motion to Dismiss Count I of Ashman & Stein's Complaint should be denied.

**II.     Ashman & Stein has Properly Plead its Claims Pursuant to 11 U.S.C. §523(a)(4)**

Section 523(a)(4) excepts from discharge any debt for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). To state a claim under § 523(a)(4), a party must "plead facts sufficient to raise a plausible inference '(1) that the debtor acted as a fiduciary to the creditor at the time the debt was created, and (2) that the debt was caused by

fraud or defalcation.'" See *Follett Higher Educ. Grp., Inc. v. Berman*, 629 F.3d 761, 765–66 (7th Cir. 2011) and *In re Frain*, 230 F.3d 1014, 1019 (7th Cir. 2000).

A fiduciary relationship under section 523(a)(4) arises "(1) when there is an express trust, or (2) when there is an implied fiduciary relationship." *Berman* at 768–70 see also *Hulbert v. Cheeks*, 467 B.R. 136, 145 (Bankr.N.D.Ill.2012).   To establish an implied fiduciary relationship, the creditor's relationship with the debtor must have had two characteristics. First, it must have involved trust attributes arising from a statute, the common law, or an agreement. *Berman*, 629 F.3d at 769–71. Second, it must have been one of "special confidence" between the creditor and debtor. *In re Marchiando*, 13 F.3d 1111, 1116 (7th Cir.1994). *In re Ludwig*, 508 B.R. 48, 55 (Bkrtcy.N.D.Ill., 2014)

Ashman & Stein has satisfied the pleading requirements set forth in *Follett Higher Educ. Grp., Inc.* supra.  Ashman & Stein has alleged that Zachary agreed to an employment arrangement under which Zachary would be paid a salary and, respecting cases brought into the firm by Zachary, Ashman & Stein would be entitled to two thirds of the fees earned on such cases (Complaint ¶ 8); Ashman & Stein has plead that, pursuant to this agreement, Zachary brought the  the *Kyles Case*, which had already been dismissed on defendant's summary judgment motion, to Ashman & Stein and that the plaintiff in the *Kyles Case* then engaged Ashman & Stein as his attorneys to resurrect his case and prosecute his claims (Complaint ¶¶ 9-10); and that substantial time and effort was required by the partners of Ashman & Stein to resurrect the *Kyles Case* so that it could be determined on the merits.  (Complaint ¶ 11).

Ashman & Stein has further plead that Zachary was acting in a fiduciary capacity while an employee of Ashman & Stein  (Complaint ¶ 36); and that during the course of his employment, Zachary, intentionally and fraudulently absconded with and/or destroyed the Retainer Agreement in

8

a deliberate attempt to deprive Ashman & Stein of the proceeds to which Ashman & Stein was

entitled out of the recovery in the *Kyles Case*. (Complaint ¶ 37)

Zachary falsely represented that he would share the proceeds of the recovery in the *Kyles*

*Case* with Ashman & Stein in order to secure the time and efforts of the partners of Ashman & Stein

to assist in the resurrection and continued prosecution of the *Kyles Case*, however, after Ashman &

Stein successfully executed these efforts, and had also paid Zachary for his time spent on working

on the *Kyles Case*, Zachary took deliberate, fraudulent actions to deprive Ashman & Stein of any

recovery in the Kyles Case. Once the *Kyles Case* was reinstated and placed in a settlement posture,

Zachary left the employment of Ashman & Stein and settled the *Kyles Case* without paying Ashman

& Stein any portion of the fee he agreed to pay to Ashman & Stein.

Zachary's Motion to Dismiss Count II of Ashman & Stein's Complaint should be denied.

### III.     Ashman & Stein has Properly Plead its Claims Pursuant to 11 U.S.C. §523(a)(6)

Under § 523(a)(6), a creditor must plead that the debtor "actually intended to harm them and

not merely that the debtor acted intentionally and they were thus harmed." *In re Carmell*, 424 B.R.

401, 416-17 (Bankr. N.D. Ill. 2010).   "An act is 'malicious' if it is taken 'in conscious disregard of

one's duties or without just cause or excuse.'" *Id.* Citing to *In re Thirtyacre*, 36 F.3d 697, 700 (7th

Cir. 1994).   "A debtor does not have to act with ill will to the creditor for the conduct to be

malicious, and whether a debtor behaved willfully and maliciously is ultimately a question of fact

reserved for the trier of fact." *Id*.

Count III of Ashman & Stein's Complaint alleges:

> 41.     Zachary maliciously converted a written agreement to which Ashman
> & Stein was a party, as well as funds due and owing to Ashman & Stein, to
> his own personal use and benefit. (Complaint ¶ 41)

42.    Because Zachary deliberately and intentionally converted the Agreement and embezzled Ashman & Stein's funds for his own personal use and benefit, Zachary has willfully and maliciously injured Ashman & Stein. (Complaint ¶ 42)

43.    Zachary's actions in causing the injury to Ashman & Stein were clearly willful - he intentionally took a document (the Agreement) and money he knew was due and owing to Ashman & Stein. (Complaint ¶ 43)

44.    Zachary's obvious malice toward Ashman & Stein is evident by the fact that Zachary intentionally and fraudulently concealed, took and/or destroyed the original executed written Agreement which is not presently available to Ashman & Stein in an attempt to prevent Ashman & Stein from obtaining any recovery in the *Kyles Case*. (Complaint ¶ 44)

Because these allegations are taken as true for the purposes of a motion to dismiss, Ashman & Stein has sufficiently plead allegations to state a plausible claim that Zachary "deliberately", "wilfully" and "maliciously" intended to injure Ashman & Stein. Accordingly, Zachary's Motion to Dismiss Count III of Ashman & Stein's Complaint should be denied.

## CONCLUSION

Because the Court must construe the allegations in the Complaint in the light most favorable to Plaintiff Ashman & Stein, and because dismissal is not proper unless it is clearly apparent that no set of facts can be proven that will entitle Ashman & Stein to recover, Defendant's motion should be denied.

Respectfully Submitted

/s/ Adam M. Mergenthaler
One of Ashman & Stein's Attorneys

Adam M. Mergenthaler
ASHMAN & STEIN
150 N. Wacker Drive
Suite #3000
Chicago, Illinois 60606
Phone No.: (312) 782-3484