**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy Case No. 14-43040 |
| | ) | |
| Richard S. Zachary, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schemetterer |
| | ) | |
| ASHMAN & STEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary No. 15-00132 |
| vs. | ) | |
| | ) | |
| RICHARD S. ZACHARY, | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JUL 23 2015
JEFFREY P. ALLSTEADT, CLERK
PS REP. - MBM

**NOTICE OF FILING**

TO: Adam M. Mergenthaler
ASHMAN & STEIN
150 N. Wacker Drive, Suite 3000
Chicago, Illinois 60606

Please take notice that on July 23, 2015, I caused to be filed with the Clerk of the U.S. Bankruptcy Court for the Northern District of Illinois, Defendant's Reply in Support of his Motion to Dismiss, a copy of which is herewith served upon you.

**PROOF OF SERVICE**

The undersigned certifies that this Notice and any referenced documents were served upon the above-named recipient by electronic transmission on or about the date set forth above.

_____
Richard S. Zachary

Richard S. Zachary
DEFENDANT (pro se)
2117 W. Grand Avenue
Chicago, Illinois 60612
Phone: (312) 404-0785

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy Case No. 14-43040 |
| | ) | |
| Richard S. Zachary, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schemetterer |
| | ) | |
| ASHMAN & STEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary No. 15-00132 |
| vs. | ) | |
| | ) | |
| RICHARD S. ZACHARY, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JUL 23 2015
JEFFREY P. ALLSTEADT, CLERK
PS REP. - MBM

**DEFENDANT'S REPLY IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

Now comes the Defendant RICHARD S. ZACHARY ("Zachary"), and submits the following Reply in support of his motion to dismiss the Amended Complaint filed by Plaintiff ASHMAN & STEIN:

**Procedural History**

On March 9, 2015, Plaintiff Ashman & Stein filed an amended complaint to determine dischargeability of a debt that had been reduced to a $226,000.00 default judgment approximately 12 months before Defendant Zachary filed for bankruptcy. On May 19, 2015, Zachary filed a motion to dismiss Counts I, II and III of the amended complaint pursuant to FRCP 12(b)(6). Zachary based his motion to dismiss upon the following premises:

(1) Plaintiff's amended complaint fails to disclose basic factual information of fundamental relevance to a consideration of Plaintiff's claims – failing to disclose *just who it was who settled the Kyles v. Maryville Academy case*, nor disclosing just when it was that Zachary ceased to work for the Ashman & Stein law firm.[1]

---
[1] Zachary's Motion to Dismiss makes clear that such information was intentionally omitted from the am. complaint, in order to promote the fallacious innuendo that it was Ashman & Stein, and not Zachary, who settled the case.

(2) Overlooking the omission of particulars from the face of the amended complaint, one can glean the half-hidden fact that Zachary settled the *Kyles* case while working as an independent attorney, after quitting his short-lived position at the Ashman & Stein firm.[2]

(3) Zachary's alleged false representation to Ashman & Stein <u>had no causal connection</u> to Zachary's subsequent settlement of the *Kyles* case, indicating that Zachary's debt could not have **resulted from** his alleged false representation, as required under §523(a)(2)(A).[3]

(4) Plaintiff's amended complaint fails to adequately allege that the attorney fees constituting Zachary's debt *were obtained by* Zachary's alleged false representation to Ashman & Stein's principals, thus falling short of another pleading requirement under §523(a)(2)(A).[4]

(5) Plaintiff's amended complaint fails to plead justifiable reliance upon Zachary's alleged false representation.[5]

(6) Plaintiff's amended complaint fails to adequately allege that Zachary owed Ashman & Stein a fiduciary duty of care under §523(a)(4).

(7) Plaintiff's amended complaint fails to adequately allege that Zachary committed acts of "larceny" or "embezzlement" to Ashman & Stein's detriment.

(8) Plaintiff's amended complaint fails to adequately allege that Zachary dealt Ashman & Stein a "willful and malicious injury" under §523(a)(6).

Upon the presentation of Zachary's Rule 12(b) motion, the Court set a briefing schedule allowing Plaintiff the alternative of filing a second amended complaint in lieu of responding to the motion to dismiss by submitting a brief. Since rectifying the tendentious omissions in the amended complaint would be tantamount to judicial suicide – leaving no possible 'ambiguity'

---

[2] Such fact would be self-evident if Plaintiff had disclosed the date when Zachary left the Ashman & Stein firm [March of 2005] and returned to his private practice. Nor does Plaintiff *explicitly* disclose the fact that Zachary had been representing the Kyles plaintiffs as a self-employed attorney for numerous months, prior to commencing his short-lived position with the Ashman & Stein firm. *See* Rule 12(b) motion, pp. 3-5, 10-11.

[3] It is alleged that Zachary insincerely promised to split the attorney fees recovered in the *Kyles* case with Ashman & Stein's two principals. (Am. Complaint at ¶¶ 8, 26). Accepting such allegation as true, there was no causal nexus between such false representation and Zachary's reception of the attorney fees that he earned for settling the *Kyles* case while working as a solo attorney. *See* Rule 12(b) motion, pp. 10-11.

[4] **Zachary did not receive the attorney fees constituting his alleged debt to Ashman & Stein by any fraudulent means.** As the court documents cited in the amended complaint indicate, Zachary settled the *Kyles* case in June of 2006 while working as an independent attorney, well over a year after he parted company with the Ashman & Stein firm. *See* Rule 12(b) motion , pp. 5, 12-13.

[5] Upon executing its alleged retainer agreement with the Kyles plaintiffs, Plaintiff expunged any ability to plead justifiable reliance upon the previous alleged verbal statement by Zachary. *See* Rule 12(b) motion, p. 12

2

about the fact that Zachary had settled the *Kyles* case as a self-employed attorney long after leaving Ashman & Stein – Plaintiff elected to try its chances by submitting a response.

Plaintiff's June 25, 2015 Response contains telling admissions that operate to vindicate the points raised in Defendant's Rule 12(b) Motion. As shall be demonstrated, the Response singularly fails to validate any of the claims raised in the amended complaint as against the arguments advanced in the motion to dismiss.

## ARGUMENT IN REPLY

### I. Plaintiff fails to justify the tendentious omission of particulars from the face of the amended complaint.

Plaintiff purports to argue that it is 'obfuscatory' to assert that Ashman & Stein must disclose the date when Zachary left their firm, or "disclose who was responsible for settling the *Kyles* case." (Response, pages 4-5).[6] On the contrary, Plaintiff argues, it is the "fraudulent conduct committed by Zachary while he was still an employee of Ashman & Stein" that is the issue. (Response, p. 5). Plaintiff proceeds to illustrate this point by arguing that when Zachary allegedly "took, retained, concealed or destroyed" the purported original retainer agreement between Ashman & Stein and the Kyles plaintiffs – such act allegedly occurring during the few months that Zachary was employed by Ashman & Stein – Zachary committed "fraudulent conduct" that "deprive[d] Ashman & Stein of its rightful share" of the attorney fees received by Zachary when he settled the case in June 2006. (*Id.*)

Plaintiff's argument in defense of its omission of particulars from the amended complaint is casuistic, disingenuous, and circular. Had Plaintiff disclosed the date when Zachary left the Ashman & Stein firm, it would be impossible to pretend that Zachary could have committed a fraudulent act by allegedly "taking, concealing or destroying" the original agreement between

---

[6] Plaintiff's exact phraseology reads, "These arguments are proffered solely to obfuscate the issues before the Court." (Response, p. 5).

3

Ashman & Stein and the *Kyles* plaintiffs when Zachary quit his job at the firm. As the public court documents cited in the amended complaint indicate, a period of approximately fifteen months intervened between Zachary's last day of employment at Ashman & Stein and Zachary's eventual settlement of the *Kyles* case in June of 2006.[7] As the public court documents cited in the amended complaint indicate, Zachary had been attorney of record in the *Kyles* case before ever coming to work for Ashman & Stein. As the public court documents cited in the amended complaint indicate, Zachary had reinstated the *Kyles* case in circuit court in January of 2006 while working as a self-employed attorney, pursuant to an attorney-client agreement between Attorney Richard Zachary and the Kyles plaintiffs.

Only by omitting to disclose the end date of Zachary's employment at the firm – as well as the identity of the attorney who was responsible for settling the case – can the Plaintiff even purport to claim that Zachary could have possibly committed a fraudulent act by allegedly making off with the original agreement that it claims to have entered into with the Kyles plaintiffs at the time that he left their firm. The alleged "retaining, concealing or destroying" of a signed retainer agreement between a client and Lawyer X by Lawyer Y cannot operate to "defraud" Lawyer X of such client over a subsequent period of numerous months in which the client is being represented by Lawyer Y. If the Kyles plaintiffs had wished to continue with Ashman & Stein, they would have done so. If Ashman & Stein had believed that it had standing as the Kyles' attorneys, it would have filed an appearance in the circuit court during the many months that the reinstated case remaining pending, long after Zachary had quit his position with their firm. *Only by omitting to disclose the aforementioned particulars*, can Plaintiff profess to

---

[7] The circuit court docket for the reinstated *Kyles* case [reinstated as case 06 L 001075] reveals that Zachary filed a fourth, fifth and sixth amended complaint before finally settling the case in June of 2006 – employed all the while as an independent attorney, long after leaving Ashman & Stein.

4

claim that Zachary was guilty of "fraudulent conduct" when he allegedly "retained, concealed or destroyed" the alleged original agreement between Ashman & Stein and the Kyles plaintiffs.[8]

Fed. R. Civ. P. 9(b) requires that a complainant state with particularity the circumstances constituting alleged fraud. In this case, conversely, it is only by *omitting* the relevant particulars that Plaintiff has been able to make the merest semblance of a claim for nondischargeability of the debt at issue. Such strategy of insinuative and fact-deficient pleading is not countenanced under Rule 9(b). On such basis, Plaintiff's claims arising under §523(a)(2)(A) and §523(a)(4) should be dismissed.

## II. Plaintiff fails to vindicate the adequacy of its allegations under §523(a)(2)(A).

In arguing that it met the threshold requirements for pleading a claim under §523(a)(2)(A), Plaintiff gives the game away by misleadingly citing a decision that has nothing to do with the standards of pleading under the statute. *In re Jacobs*, 448 B.R. 453 (Bankr. N.D. Ill. 2011) (Response, p. 4) addressed a motion for summary judgment filed against the debtor-defendant, concerning the dischargeability of a debt incurred when the defendant had embezzled employee funds deposited in a profit-sharing plan over which defendant had been the trustee. *Id.* at 464-65. The defendant "did not dispute that the part of the debt *resulting from* the withdrawal of the Plan funds is nondischargeable under section 523(a)(4)." *Id.* at 478 (emphasis added).[9] Thus, the contested issues before the court with regard to §523(a)(2)(A) were limited to the

---

[8] Moreover, such argument begs the question of the consequences that can possibly arise from the alleged "retaining, concealing or destroying" of an original agreement between a law firm and a couple clients. Is Plaintiff maintaining that such alleged act somehow prevented Ashman & Stein from continuing to represent the Kyles plaintiffs? If so, how? Were not the Kyles plaintiffs free to continue being represented by the attorney of their choosing? Was not the Ashman & Stein firm able to continue representing these clients, absent the original signed agreement? Can the lack of any allegations bespeaking Ashman & Stein's ever filing an appearance in state court [or an Attorney's Lien, for that matter] be subject to any explanation other than the simple and obvious fact that the firm parted company with the Kyles plaintiffs when Zachary quit his short-lived position and returned to private practice? The utter silence of the amended complaint regarding such obvious inferences bespeaks the factitious inadequacy of the allegations.

[9] The *Jacobs* defendant had already pled guilty to criminal charges for stealing the pension funds belonging to the plaintiff. *Id.* at 478

5

consideration of defendant's degree of scienter at the time that he committed the acts complained of. *Id.* at 473-74.

It was no coincidence that *In re Jacobs* omitted to mention the requirement that a creditor allege that the debtor owes a debt *resulting from* a false representation or omission of fact. *See In re Jahelka*, 442 B.R. 663, 668 (Bankr. N.D. Ill. 2010). Such fact had been effectively conceded by the *Jacobs* defendant before the motion for summary judgment was ever filed. Plaintiff's reliance upon *In re Jacobs* is thus both misleading and disingenuous, since the very issue raised in Defendant's Rule 12(b) motion was explicitly removed from consideration.[10]

Having cited a decision that has nothing to do with the pleading standards raised in Defendant's Rule 12(b)(6) motion, Plaintiff reiterates its casuistic and circular argument[11] that "Ashman & Stein has set forth in detail what wrongful actions and false representations Zachary undertook" in his alleged efforts to "deprive Ashman & Stein of its right to a share of the proceeds" of the *Kyles* settlement. (Response, p. 7). The fact of the matter is that Plaintiff has taken pains **not** to allege any particulars that pertain to the length of time that the reinstated case was pending in the circuit court, or to the date when Zachary ended his brief stint of employment at their firm, or to the identity of the lawyer who was representing the Kyles plaintiffs before and after the period of Zachary's employment, or to the identity of the lawyer who was responsible for settling the *Kyles* case. Plaintiff has omitted these basic factual particulars for a reason. By eliding all mention of the aforesaid particulars, Plaintiff's amended complaint is enabled to insinuate or imply that the attorney who received the attorney fees totaling $342,000.00 may not

---

[10] Plaintiff further muddies the water by stating erroneously that *In re Jacobs* addressed what "a complaint brought pursuant to 523(a)(2)(a) must plead." (Response, p. 4). *The Jacobs court never alluded to threshold pleading requirements,* but addressed itself to evidentiary matters that the plaintiff needed to *establish* for the purposes of summary judgment. *In re Jacobs*, 448 B.R. at 471. The distinction is a crucial one, and goes far to suggest a rather dubious lack of probity to the Plaintiff's rhetorical tactics.
[11] Already raised in response to Defendant's assertions under Rule 9(b).

6

have been the person who settled the *Kyles* case. *See* Amended Complaint at ¶¶ 7-9, 14-15.

Defendant submits that pursuant to the doctrine enunciated in *Henson v. CSC Credit Services*, 29 F.3d 280 (7th Cir. 1994),[12] the Court may take judicial notice of the public court documents cited in the amended complaint[13] without transforming Defendant's Rule 12(b)(6) motion into one for summary judgment. Upon doing so, it will become evident that Defendant settled the *Kyles* case some fifteen months after quitting his short-lived position with Ashman & Stein, representing the plaintiffs in the capacity of a self-employed attorney just as he had represented them prior to commencing his brief tenure with the Ashman law firm.[14] It is *impossible* for Plaintiff to adequately allege that the attorney fees earned by Zachary for settling the *Kyles* case resulted from, or were obtained by, Zachary's alleged insincere promise to Ashman & Stein that he would split any attorney fees eventually recovered in the case with the firm's principals.[15] Zachary did not earn such fees by means of fraud or false representations, but by dint of his efforts to settle the case over a period of six months in the capacity of plaintiffs' counsel, pursuant to an attorney-client agreement to which Ashman & Stein was not a party. Nor is it possible to now claim that it was in fact Zachary's allegedly "taking, retaining, concealing or destroying" an alleged original retainer agreement that amounted to the causative nexus leading to the incurring of the debt.[16] A disgruntled employee's snatching of a document as he heads for the exit is hardly tortious conduct, let alone the basis for a claim that Zachary somehow thus "defrauded" Ashman & Stein of two alleged clients who were free to continue being represented

---

[12] See Defendant's Rule 12(b)(6) motion, p. 3.
[13] See Amended Complaint, ¶¶ 9, 18 at p. 5.
[14] It may be observed that Plaintiff does not contest the veracity of Zachary's characterizations of the content of the public court documents alluded to in the amended complaint.
[15] Even overlooking the fact that Ashman and Stein expunged all ability to adequately plead justifiable reliance on such verbal promise when they entered into their alleged retainer agreement with the plaintiffs. Am Compl., ¶10.
[16] The amended complaint alleges that it was Zachary's insincere promise to Ashman & Stein's principals, *not* his allegedly "retaining, concealing or destroying" the original retainer agreement, that provided the basis for Plaintiff's claim under §523(a)(2)(A). Am Compl., ¶26.

7

by the firm regardless of the whereabouts of the original retainer agreement, who doubtless had facsimiles of the original agreement in their possession as is required by the Illinois Code of Professional Responsibility. Plaintiff's last-ditch efforts to transmogrify its allegations concerning the fate of its original retainer agreement [raised in the Amended Complaint in the context of section 523(a)(6)] into the basis for its claims under §523(a)(2)(A) cannot suffice to validate such claims under Rule 12(b)(6).[17]

Plaintiff's Response fails to vindicate the threshold adequacy of the §523(a)(2)(A) claims in the amended complaint under FRCP Rule 12(b)(6), having failed to adequately allege that the attorney fees constituting Zachary's debt either resulted from, or were obtained by, Zachary's alleged insincere promise to Ashman & Stein *or* his allegedly "retaining, concealing or destroying" an original retainer agreement between the Ashman firm and the Kyles plaintiffs. On such basis, Count I of the amended complaint should be dismissed.

### III. Plaintiff fails to vindicate the adequacy of its allegations under §523(a)(4).

Having understandably elected not to file a second amended complaint and thus expose the abysmal inadequacy of its claims by disclosing the particulars that have been omitted from the pleading *sub judice*, Plaintiff must perforce defend the exiguous and conclusory allegations under section 523(a)(4) that are found in Count II. Having failed to allege that the creditor's relationship with the debtor possessed the attributes of an express trust, or that there were any circumstances bespeaking an inequality in power or knowledge in favor of the debtor or any special confidence reposed in debtor by creditor, Plaintiff states that "Ashman & Stein has satisfied the pleading requirements" under §523(a)(4) by alleging that "Zachary agreed to an

---

[17] The Response is rife with allusions to fictitious or non-existent allegations, that are not to be found in the amended complaint or its predecessor. E.g., "Zachary simply needed the skills possessed by Ashman & Stein's partners to undo the dismissal Zachary had already caused to occur in the *Kyles Case*." (Response, p. 7). There are no allegations that Zachary caused the dismissal of the *Kyles* case, nor any allegations concerning the threshold level of skill required to undo the dismissal of the action.

8

employment arrangement" calling for him to receive a salary and to split fees on cases "brought into the firm by Zachary," thus sufficing to allege that "Zachary was acting in a fiduciary capacity while an employee of Ashman & Stein." (Response, p. 8). Plaintiff makes no argument in defense of the adequacy of its allegations of "larceny" or "embezzlement."

Plaintiff's rather perfunctory argument in defense of its claims in Count II falls short of vindicating these allegations under Rule 12(b)(6). The amended complaint is devoid of allegations bespeaking either a substantial inequality in power or knowledge in favor of the debtor and against the creditor, or any other trust-like attributes inhering in Zachary's relationship with his employer. *See Matter of Woldman*, 92 F.3d 546, 547 (7th Cir. 1996). Merely alleging that Zachary entered into an "employment arrangement" providing that he be paid a salary and bequeath his employer with two-thirds of the attorney fees in any case that he "brought into the firm" falls short of the pleading requirements for a nondischargeability claim for "fraud or defalcation while acting in a fiduciary capacity" under §523(a)(4). On such basis, Count II of the amended complaint should be dismissed.

### IV. Plaintiff fails to vindicate the adequacy of its allegations under §523(a)(6).

In his Rule 12(b)(6) motion, Zachary pointed out that the U.S. Supreme Court has clarified the meaning of the "willful and malicious injury" requirement in 11 U.S.C. §523(a)(6), holding that nondischargeability under section 523(a)(6) requires the complainant plead that the debt was incurred via "a deliberate and intentional *injury*, not merely a deliberate and intentional *act* that leads to an injury." *Kawaahau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original). Defendant also cited settled case law requiring that tortious conduct be alleged and proven, as an essential element of a "willful and malicious injury" under section 523(a)(6).[18] Defendant

---

[18] See Rule 12(b)(6) motion, pp. 8, 15.

9

pointed out that the core allegations of Count III of the amended complaint – that Zachary "maliciously converted" the original retainer agreement between Ashman & Stein and the Kyles plaintiffs by having allegedly "retained, concealed or destroyed" such document while employed by the Ashman firm – fell markedly short of meeting the threshold pleading requirements under §523(a)(6). It is to be presumed that Ashman & Stein made copies of its original retainer agreements with its clients, and ensured that its clients were afforded with a copy of the original in compliance with the Code of Professional Responsibility. An employee retaining or destroying an original retainer agreement, on his way toward the exit on or about his last day of employment, would prove no impediment to the maintenance of the contractual relationship between the firm and the clients who had signed the missing original.[19]

In response to Defendant's arguments addressing Count III, Plaintiff cites to case law addressing the requirements that the creditor plead that the debtor "actually intended to harm them" by the act complained of, and that creditor was "thus harmed" by the debtor's actions. (Response, p. 9). Plaintiff proceeds to quote allegations 41 through 44 of Count III in their entirety, consisting of conclusory accusations that Zachary "maliciously converted a written agreement" and "embezzled" Ashman & Stein's funds "for his own personal use and benefit," devoid of even the barest semblance of facts to support such accusations, nor offering any explanation or description as to what "converting" an agreement would amount to.[20] (Response, pp. 9-10). "Because these allegations are taken as true for purposes of a motion to dismiss," so Plaintiff concludes, "Ashman & Stein has sufficiently plead allegations to state a plausible claim" under §523(a)(6).

---

[19] Even in the "worst case scenario," the firm would be free to draft another written agreement, utilizing the same boilerplate language that had been found in the missing original.
[20] The conclusory accusations of "embezzlement" in Count III, offered without a vestige of factual support, are also out of order, belonging in Count II of the amended complaint.

10

Plaintiff's Response fails to vindicate the deficient allegations comprising Count III of its amended complaint, which fall short of being "well-pled" and thus warranting of a presumption that they be taken as true for purposes of Defendant's Rule 12(b)(6) motion. On the contrary, such allegations are little more than conclusory catch-words, repeated like a mantra in the vain hope of attaining to a semblance of signification. The amended complaint is bereft of allegations indicating just what Zachary did to "maliciously convert" Ashman & Stein's alleged original retainer agreement with the Kyles plaintiffs, or how Plaintiff suffered any harm as a consequence. Conclusory, unsupported, and devoid of any vestige of cognizable import, such allegations fail to state a claim upon which relief can be granted.

## CONCLUSION

Plaintiff's Response fails to validate any of the claims raised in the amended complaint as against the arguments advanced in Defendant's motion to dismiss. Defendant requests that Count I, II and III of the amended complaint be dismissed.

Respectfully submitted,

*[signature]*

Defendant

Richard S. Zachary
DEFENDANT (pro se)
2117 W. Grand Ave.
Chicago, Illinois 60612
Phone: (312) 404-0785
Fax: (312) 795-9004

11