United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Richard S. Zachary,<br><br>　　　　　　　　　Debtor. | |
| Ashman & Stein,<br><br>　　　　　　　　　Plaintiff<br><br>　　v.<br><br>Richard Zachary,<br><br>　　　　　　　　　Defendant. | Bankruptcy No. 14-bk-43040<br><br>Chapter 7<br><br>Adversary No. 15-ap-132 |

## MEMORANDUM OPINION ON ZACHARY'S MOTION TO DISMISS

Debtor-Defendant Richard Zachary ("Zachary"), a former attorney, filed for relief under chapter 7 of the Bankruptcy Code on December 1, 2014. Ashman & Stein, a law firm which Defendant was previously associated with, filed this adversary complaint to determine the dischargeability of the debt owed to it by Defendant under § 523(a)(2)(A), (a)(4), and (a)(6). Zachary has filed a motion to dismiss for failure to state a claim. For the foregoing reasons, that motion will be denied.

### FACTS AS ALLEGED

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are taken as true and all reasonable inferences are drawn in favor of the non-moving party. *Geinosky v. City of Chicago*, 675 F.3d 743, 746 (7th Cir. 2012). Documents attached to a complaint are considered part of the complaint. F.R.C.P. 10(c) [Rule 7010 Fed. R. Bankr. P.]; *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (citations omitted). The facts regarding the complained of conduct are considered as they are alleged in the Amended Complaint, and are assumed to be true.

1. In January, 2005, Zachary, an attorney, became employed as an associate with Ashman & Stein, a law firm.

2. Ashman & Stein and Zachary agreed to an employment agreement where Zachary would be paid a salary, and for cases Zachary brought to Ashman & Stein, Zachary would be paid one-third of the fee collected, while Ashman & Stein would be paid two-thirds.

3. During that employment, Zachary brought an engagement in a personal injury case, *Liane Kyles, individually and as Special Administrator of the Estate of Emmanuel Williams, deceased, and Taurus Kyles, individually, v. Maryville Academy, an Illinois not-for-profit corporation* (Circuit Court of Cook County, No. 01 L 2497) (the *Kyles* case).

4. Ashman & Stein was retained by Liane Kyles individually and as special administrator, and also by Taurus Kyles, as memorialized by a retention agreement. An unsigned copy of the retention agreement was attached to the complaint as Exhibit A.

5. At the time Ashman & Stein took on the *Kyles* case, a summary judgment had been entered against the plaintiffs.

6. Ashman & Stein spent considerable time and effort to reverse the summary judgment on appeal.

7. Zachary voluntarily left his employment at Ashman & Stein. Ashman & Stein does not allege when Zachary's employment ended, but Zachary says it was in March of 2005.

8. Ashman & Stein alleges on information and belief that Zachary concealed or destroyed the original executed version of the retention agreement in the *Kyles* case.

9. In June, 2006, the *Kyles* case was settled for $850,000. Zachary was paid attorney's fees of $342,000.

10. According to Zachary's employment agreement with Ashman & Stein, Ashman & Stein would have been entitled to receive $226,666 out of the fee collected.

11. Zachary did not pay Ashman & Stein, and so Ashman & Stein sued in state court to recover, in a case named *Ashman & Stein v. Zachary,* (Circuit Court of Cook County, No. 08 L 010502) (the "State Court case").

2

12. The State Court case was litigated up to trial, and scheduled for trial on November 8, 2013. Zachary failed to appear at trial, and a default judgment was entered against him in favor of Ashman & Stein in the amount of $226,660.

## DISCUSSION

### JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer a proceeding to a bankruptcy judge under 28 U.S.C. § 157, and is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (I), (O). It seeks to determine the dischargeability of a debt. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### SUFFICIENCY OF THE PLEADINGS

Rule 8(a)(2) F.R.C.P. [Rule 7008 Fed. R. Bankr.P.] generally requires that the pleader provide "a short and plain statement of the claim showing that the plaintiff is entitled to relief," giving the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not contain detailed factual allegations, but "the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964–65 (internal quotations omitted).

Factual allegations must show that the right to relief is more than speculative and "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. That is, a complaint must state a "plausible" claim, meaning the allegations must raise the plaintiff's right to relief above a "speculative level." *Twombly*, 550 U.S. at 555. The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. at 662, 678 (2009). To establish plausibility, a plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). That the allegations underlying the claim "could be true is no longer enough to save it." *Estate of Miller ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 988 (7th Cir. 2012).

### COUNT I: § 523(a)(2)(A) FOR FALSE PRETENSES, FALSE REPRESENTATIONS, OR ACTUAL FRAUD

§ 523(a)(2)(A) excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]" 11 U.S.C. § 523(a)(2)(A). That section describes three separate grounds for holding a debt to be nondischargeable: false pretenses, false representation, and actual fraud. *In re Jairath*, 259 B.R. 308, 314 (Bankr. N.D. Ill. 2001). Each ground for excepting a debt from discharge under § 523(a)(2)(A) must be separately considered. In re Jacobs, 448 B.R. 453, 470 (Bankr. N.D. Ill. 2011).

To except debts from discharge for false pretenses or false representation, a creditor must show: (1) the debtor made a false representation of fact, a representation, (2) which the debtor, either (a) knew was false or made with reckless disregard for the truth or (b) that debtor possessed an intent to deceive or defraud (3) upon which the creditor justifiably relied. *In re Davis*, 638 F.3d 549, 553 (7th Cir. 2011); *Ojeda v. Goldberg*, 599 F.3d 712, 716 (7th Cir. 2010). All three elements must be proven to prevail on § 523(a)(2)(A) claim. *In re Ardisson*, 272 B.R. 346, 357 (Bankr. N.D. Ill. 2001).

Here, the alleged false representation was that Ashman & Stein would be entitled to two-thirds of any attorney's fees for cases that Zachary brought to the firm, which Zachary knew to be false because he never had any intention of paying any part of the recovery to Ashman & Stein. Zachary argues that the *Kyles* case plaintiffs were his

4

clients all along, and that he was only an employee at Ashman & Stein between January 2005 and March 2005.

Zachary's argument attacks the merits of Ashman & Stein's case, not the sufficiency of pleadings. Taking all of Ashman & Stein's allegations as true, and making all inferences in Ashman & Stein's favor, the Kyles case plaintiffs retained Ashman & Stein, and Ashman & Stein attorneys performed a great deal of work on the case. It is entirely plausible that Zachary entered into the agreement with Ashman & Stein promising two-thirds of any recovery in order to fool Ashman & Stein into working on the *Kyles* case appeal. Zachary argues that after he left his (very brief) employment with Ashman & Stein, the *Kyles* case plaintiffs ended their retention of Ashman & Stein and rehired Zachary (a solo attorney again) as their counsel. But this alternative explanation does not render Ashman & Stein's account of events implausible. Zachary's account, that he innocently kept working for his old clients after he left his employment, creates an issue of fact. Issues of fact are to be decided at trial, with evidence, not on motions to dismiss.

Zachary also makes a conclusory argument that Ashman & Stein did not plead justifiable reliance. But Ashman & Stein did plead enough to draw an inference of justifiable reliance. Ashman & Stein made an agreement with Zachary about cases he brought to the firm, and spent its time and resources on the *Kyles* case while Zachary was employed at Ashman & Stein relying on the agreement. Justifiable reliance on an employment agreement with an attorney is at least plausible.

Zachary also argues that the complaint is insufficient because it alleges fraud but does not meet the heightened pleading requirements of Rule 9(b), F.R. Civ. P., as incorporated by Rule 7009, F.R. Bankr. P. Under Rule 9(b), in "averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." However, it is not necessary that a plaintiff plead each fraudulent detail, so long as the circumstances constituting fraud have been set forth adequately. *Rezin v.*

5

*Barr (In re Barr)* 207 B.R. 168, 172 (Bankr. N.D. Ill. 1997). That is, it is only necessary to set forth a basic outline of fraud in order to alert the defendant of the purported fraud he is defending against. *Id.* at 173 (citing *Vicom Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir.1994)). Here, even though the complaint is not a model of clarity, Zachary is well aware of the purported fraud he is defending against. His motion and reply brief make it clear that he is well aware of the circumstances surrounding his employment at Ashman & Stein, and the history of the *Kyles* case. He also peppers his briefs with references to facts and circumstances that are not alleged in the complaint, which form the backbone of what seems to be his factual defense on the merits.

Therefore, Count I will not be dismissed.

## COUNT II: § 523(a)(4) FOR FRAUD OR DEFALCATION IN A FIDUCIARY CAPACITY, EMBEZZLEMENT, OR LARCENY

Zachary argues in his motion that Ashman & Stein has not adequately alleged a fiduciary capacity, embezzlement, or larceny.

### Fraud or Defalcation in a Fiduciary Capacity

The existence of a fiduciary relationship for purposes of § 523(a)(4) is a matter of federal law. *In re Frain*, 230 F.3d 1014, 1017 (7th Cir. 2000). "[N]ot all fiduciary relationships qualify under the Bankruptcy Code." *Id.* Outside of an express trust, which is not alleged here, a fiduciary relationship exists when there is "a difference in knowledge or power between fiduciary and principal which ... in gives the former a position of ascendancy over the latter. *Matter of Marchiando*, 13 F.3d 1111, 1116 (7th Cir. 1994) (internal citation omitted). Examples of fiduciary relationships for purposes of § 523(a)(4) include lawyer-client, director-shareholder, managing partner-limited partner. *Frain*, 230 F.3d at 1017. A joint venture between equals would not qualify. *Id.*

Here, the complaint does not give rise to an inference of a position of ascendancy. Ashman & Stein alleges that Zachary was an employed as an associate. (Complaint ¶ 35.) True enough, an employee is a fiduciary to an employer as an agent.

*Restatement 3d of Agency* § 8.01. But without more, an employee or an associate attorney does not have a position of ascendancy over a law firm. Ashman & Stein has not alleged any more than the employment relationship to support its allegation of a fiduciary duty, and that does not satisfy the narrower definition of fiduciary under § 523(a)(4).

### Embezzlement and Larceny

Embezzlement means "fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Matter of Weber*, 892 F.2d 534, 538 (7th Cir. 1989) (quoting *Moore v. United States*, 160 U.S. 268, 269 (1895).). "To prove embezzlement, the creditor must show ... that (1) the debtor appropriated funds for his or her own benefit; and (2) the debtor did so with fraudulent intent or deceit." *Id.* Embezzlement differs from larceny only in that the original taking was lawful. *In re Rose*, 934 F.2d 901, 903 (7th Cir. 1991). Here, Ashman & Stein has not alleged that Zachary has taken any money that was property of Ashman & Stein. Rather, they repeatedly allege that Zachary has refused to pay money that Ashman & Stein is entitled to under a contract. "The creditor's ownership of the funds is what distinguishes an embezzlement from a mere debtor-creditor relationship where the debtor simply uses his own money for purposes other than paying the creditor." *In re Beetler*, 368 B.R. 720, 727 (Bankr. C.D. Ill. 2007). Therefore, Ashman & Stein has not adequately alleged that Zachary embezzled money from them.

Ashman & Stein also alleged that Zachary "wrongfully took and retained" the original retainer agreement in the *Kyles* case. (Complaint ¶ 37.) Zachary argues that even if he took the retention agreement in the *Kyles* case wrongfully, no damages were caused by the taking because generally, original documents are not required in litigation, and accordingly there can be no dischargeable debt.

Just because damages may be minimal or nonexistent does not mean that the allegation of embezzlement or larceny are not plausible. It has alleged that the original executed version of the agreement was its property, and that Zachary took it with intent

7

to deprive Ashman & Stein of payment under that retention agreement. It has not pleaded whether Zachary was in legal possession of the original agreement when he walked out the door with it, so there is no way to determine at this time whether larceny or embezzlement is the correct legal theory.

Therefore, Count II is adequately pleaded for larceny or embezzlement of the original *Kyles* case retention agreement, and will not be dismissed.

### COUNT III: § 523(a)(6) FOR WILLFUL AND MALICIOUS INJURY

Under §523(a)(6), willful and malicious injury means "(1) an injury caused by the debtor (2) willfully and (3) maliciously." *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 774 (7th Cir. 2013). Injury means "a violation of another's legal right, for which the law provides a remedy." *Id*. Willfulness means "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Id*. (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in the original). Maliciously means "in conscious disregard of his duties without cause or excuse; it does not require ill-will or specific intent to do harm." *Id*.

All of these requirements are adequately pleaded here. Ashman & Stein pleaded its legal right to possession of the executed original of the retention agreement in the *Kyles* case, establishing injury. It alleged that Zachary took the original with the intent to harm Ashman & Stein, establishing willfulness. And it has alleged that Zachary had no right to retain the original of a retention agreement between the *Kyles* case plaintiffs and Ashman and Stein, establishing maliciousness.

Therefore, Count III is adequately pleaded, and will not be dismissed.

## CONCLUSION

For the foregoing reasons, Zachary's motion to dismiss will be denied by separate order. That order will require filing of an Answer, and will set a status hearing to set trial.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of August, 2015

9